Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
Tel: (702) 337-2322
Fax: (702) 329-5881
mk@kindlaw.com

Gayle M. Blatt, Esq. (*pro hac vice*)
**CASEY GERRY SCHENK**
**FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
Fax: (619) 544-9232
gmb@cglaw.com

*Attorneys for Plaintiff and the Putative Class*
*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Ronald Stallone, and the Putative Class,<br><br>Plaintiff,<br>v.<br><br>Farmers Group, Inc., 21st Century Insurance Company, and Farmers Insurance Exchange,<br><br>Defendants. | Case No.: 2:21-cv-01659-GMN-VCF<br><br>**Discovery Plan and Scheduling Order**<br><br>**Special Scheduling Review Requested** |

_____
DISCOVERY PLAN                           - 1 -

On September 8, 2021, Plaintiff filed the original complaint. ECF No. 1. On January 7, 2022, Plaintiff filed his amended complaint. ECF No. 16. On February 8, 2022, Farmers Group, Inc., 21st Century Insurance Company, and Farmers Insurance Exchange (collectively, "Defendants") filed their motion to dismiss the amended complaint. ECF No. 21. Plaintiff filed his response to the motion to dismiss on March 8, 2022 (ECF No. 33), and Defendants filed their reply on March 28, 2022. ECF No. 36. The motion is now fully briefed.

Pursuant to the Court's March 29, 2022 order (ECF No. 37), Ronald Stallone and Defendants (jointly as the "parties"), by and through their respective counsel, hereby submit this Discovery Plan and Scheduling Order.

### SPECIAL SCHEDULING REVIEW IS REQUESTED

Special scheduling review is requested because the parties disagree on how and when discovery should proceed, as discussed below. The parties do agree that special scheduling is warranted because any discovery will require more time to complete than is presumed by the local rules. As this is a putative class action, more time will be needed to complete discovery relating to the Rule 23 requirements and other complex matters that are anticipated to arise in this case.

### PLAINTIFF'S POSITION

Plaintiff intends to oppose Defendants' motion to stay and requests that this Court enter the proposed discovery plan suggested below. The District of Nevada does not stay discovery as a matter of course or upon the filing of a motion to dismiss, and Defendants do not justify deviation from routine local practice. As set out in the Amended Complaint, Plaintiff and the putative class's sensitive data was stolen as a result of Defendants' negligence, and remains in the hands of criminals. The class seeks injunctive relief that will be delayed by any stay in this action, which is especially urgent given that Defendants' offer of 12 free months of credit monitoring to the class starts to expire on April 22, 2022. In addition, any work performed while waiting for a ruling on the motion to stay will be minimal and, thus, when weighed against the prejudice to Plaintiff and the putative class from delay, warrants this Court's prompt adoption of the proposed Plan.

## DEFENDANTS' POSITION

Defendants filed a motion to stay discovery until the pleadings are set in this matter. ECF No. 38 ("Stay Motion"). For a full explanation of why a temporary stay is appropriate and would not prejudice Plaintiff, Defendants refer the Court to that Stay Motion. Because it has not been determined which, if any, claims will proceed in this lawsuit, and a stay will necessarily affect case deadlines, it is Defendants' position that the parties will be in the best position to address a proposed discovery plan after Defendants' requested stay. Plaintiff has not identified any prejudice other than the passage of time. Defendants accordingly request, pursuant to their Stay Motion, that the Court not issue a scheduling order at this time and instead order the parties to file a renewed Discovery Plan and Scheduling Order within 10 days of Defendants filing an answer in this matter.

Additionally, because Defendants' Stay Motion is now pending, Defendants request that the Court rule on the Stay Motion *before* issuing a scheduling order pursuant to this joint statement. Issuing a scheduling order will be a *de facto* ruling on the Stay Motion because it will require Defendants to comply with certain discovery deadlines while the Stay Motion is still pending. Defendants instead suggest that the better course is to first determine whether there will be a stay—and then address case scheduling, including whether the parties should later file a renewed proposed discovery plan, as requested above.

## PROPOSED DISCOVERY PLAN

As set forth above, Defendants respectfully request that the Court rule on the pending Stay Motion before issuing a scheduling order in this case—and that, should a stay be issued, the parties submit a renewed proposed scheduling order 10 days after an answer is filed in this case. Plaintiff does not believe that a stay is appropriate here but agrees that case deadlines may be set based on the date when an order is issued resolving the Stay Motion.

In the event the Court declines to grant the Stay Motion, the parties jointly propose the below discovery plan and scheduling order, which is timed based on a ruling on the pending Stay Motion.

1. Initial disclosures due: 20 days after order on Stay Motion.

_____
DISCOVERY PLAN                              - 3 -

2. Deadline to amend pleadings and add parties: 30 days after order on Motion to Dismiss.
3. Initial expert disclosures due: 180 days after order on Stay Motion.
4. Rebuttal expert disclosures due: 240 days after order on Stay Motion.
5. Deadline to complete fact and expert discovery: 300 days after order on Stay Motion.
6. Deadline to file dispositive motions and motion for class certification: 330 days after order on Stay Motion.
7. Deadline to file pretrial order: 360 days after order on Stay Motion.

In the event dispositive motions are filed, the date for filing the joint pretrial order shall be 30 days after a decision on the dispositive motions or an alternative date set by the Court.

Pretrial Disclosures: The disclosures required by Rule 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

Extensions or Modifications of the Discovery Plan and Scheduling Order: Applications to extend any date set by the discovery plan, scheduling order, or other order must comply with the Local Rules.

Protective Order: The parties may seek to enter a stipulated protective order pursuant to Rule 26(c) prior to producing any confidential documents.

Electronic Service: The parties agree that, pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email.

Alternative Dispute Resolution Certification: The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation. The parties have not reached any stipulations at this stage.

Alternative Forms of Case Disposition Certification: The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties have not reached any stipulations at this stage.

Electronically Stored Information: The parties have discussed the retention and production of electronic data. The parties reserve the right to revisit this issue if a dispute or need arises.

Electronic evidence conference certification: The parties may present evidence in electronic format to jurors for the purposes of jury deliberations at trial. The parties discussed the presentation of evidence for juror deliberations but did not reach any stipulations as to the method as this early stage.

Dated: April 12, 2022

**KIND LAW**

/s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**

/s/ Gayle Blatt
Gayle M. Blatt, Esq.
110 Laurel Street
San Diego, CA 92101

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

/s/ Kate M. Baxter-Kauf
Kate M. Baxter-Kauf (*pro hac vice*)
kmbaxter-kauf@locklaw.com
Karen Hanson Riebel (*pro hac vice*)
khriebel@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

*Counsel for Plaintiff Ronald Stallone and the Putative Class*

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

 /s/  Brian Blakley        Brian Blakley, Esq.
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas Nevada, 89169

AND

**DLA PIPER LLP (US)**

 /s/  Isabelle Ord
Isabell Ord, Cal Bar No. 198224
(*pro hac vice admitted*)
E-mail:  isabell.ord@us.dlapiper.com
Andrew Serwin, Cal Bar No. 179493
(*pro hac vice admitted*)
E-mail:  andrew.serwin@us.dlapiper.com
Jeffrey DeGroot, WSBA No. 46839
(*pro hac vice admitted*)
DLA PIPER LLP (US)
555 Mission Street
San Francisco, California 94105-2933
Telephone:  (415) 836-2500
Fax:  (415) 839-2501
*Counsel for Defendants Farmers Group, Inc., and 21st Century Insurance Company*